UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CHRISTOPHER LEE CORE, #23782-057,

           Petitioner,

v.                                            ACTION NO. 2:15cv373

ERIC D. WILSON,

           Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Christopher Lee Core ("Core") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Core is a federal prisoner convicted before the United States District Court for the Middle District of North Carolina, who was previously incarcerated at FCC Petersburg Medium in Petersburg, Virginia.[1] Core challenges the sentence he received in the Middle District of North Carolina based on the Fourth Circuit's holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). For the reasons discussed below, and pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Local Civil Rule 72, it is hereby recommended that Core's section 2241 petition be DISMISSED for lack of jurisdiction.

---

[1] While this section 2241 petition has been pending, Core has been transferred to a facility in Butner, North Carolina. ECF No. 7.

## I. STATEMENT OF THE CASE

### A. Background

On December 3, 2007, Core entered a plea of guilty in the District Court for the Middle District of North Carolina to count four of an indictment charging distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). *United States v. Core*, No. 1:07cr321 (M.D.N.C. Dec. 3, 2007). When Core pled guilty, first-time offenders were subject to a minimum period of incarceration of five years and a maximum period of incarceration of forty years. *See* 21 U.S.C. § 841(b)(1)(B) (2007). Offenders who had previously been convicted of a "felony drug offense" were subject to an enhanced penalty of a minimum of ten years and a maximum of life. *Id.*; *see also* 21 U.S.C. § 802(44) (2007).

Before Core pled guilty, the government filed an information giving notice that Core previously was convicted, on December 31, 2002, for possessing with intent to sell and deliver cocaine in violation of North Carolina General Statute 90-95(A). *United States v. Core*, No. 1:07cr321, Information (ECF No. 10) (M.D.N.C. Oct. 16, 2007). This subjected Core to an enhanced penalty, pursuant to 21 U.S.C. § 841(b)(1)(B), of a minimum of ten years and a maximum of life in prison. *See United States v. Core*, No. 1:07cr321, Gvt. Motion (ECF No. 51) (M.D.N.C. May 21, 2013). Further, based on two prior convictions for controlled substance offenses, Core was classified in his presentence report as a career offender under section 4B1.1 of the sentencing guidelines.[2] *Id.* at 1. As a result, Core was assigned a total offense level of 34

---

[2] The guidelines provide:
> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of . . . a controlled substance offense.

(37 minus 3 points for acceptance of responsibility), a criminal history category VI, and a guidelines sentencing range of 262 to 327 months. *Id.* Core was sentenced on August 17, 2009 to 262 months in prison. *United States v. Core*, No. 1:07cr321, Judgment at 2 (ECF No. 21) (M.D.N.C. Aug. 17, 2009).[3]

On August 17, 2011, the Fourth Circuit decided *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), holding that, in order for a prior felony conviction to trigger a sentence enhancement under the Controlled Substances Act, the defendant must have been previously convicted of an offense "punishable by more than one year's imprisonment" based on his own criminal history and any aggravating factors alleged at the time of his sentencing. 649 F.3d 237, 244 (4th Cir. 2011). On August 16, 2012, Core filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, in the District Court for the Middle District of North Carolina. *United States v. Core*, No. 1:07cr321 (ECF No. 39) (M.D.N.C. Aug. 16, 2012). Core challenged his sentence and asserted that, under *Simmons*, his earlier drug convictions were not "felony drug offenses" triggering a sentence enhancement. *Id.*, Pet'r's Mem. in Supp. Section 2255 Petition 2 (ECF No. 40) (M.D.N.C. Aug. 16, 2012). Although the government's response concurred in Core's assessment of *Simmons*, the United States moved to dismiss the section 2255 motion as untimely and as falling outside the scope of review under section 2255. *United States v. Core*, No. 1:07cr321 (ECF No. 51) (M.D.N.C. May 21, 2013). On November 25, 2013, the

---

U.S.S.G. § 4B1.1(a). The career offender guidelines define a controlled substance offense as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the . . . possession of a controlled substance . . . with intent to . . . distribute . . . ." U.S.S.G. § 4B1.2(b).

[3] In November 2009, February 2012, and November 2013, Core filed three motions for sentence reduction under 18 U.S.C. § 3582 based on the retroactive crack sentencing guidelines amendments, and all motions were denied. *United States v. Core*, No. 1:07cr321, Motions and Orders (ECF Nos. 22, 31, 32, 37, 56, 61).

section 2255 motion was placed in abeyance pending resolution of *United States v. Foote*, 784 F.3d 931 (4th Cir. Apr. 27, 2015).[4] Core's section 2255 motion is still pending in the Middle District of North Carolina.

After filing his section 2255 motion, and while he was housed in Petersburg, Virginia, Core filed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court on August 24, 2015, with a memorandum in support. Pet., ECF No. 1 at 1-9; Pet'r's Mem., ECF No. 1 at 10-20. Respondent filed a response to the petition on February 3, 2016, asserting the petition should be denied for lack of jurisdiction because Core failed to show that section 2255 relief is inadequate or ineffective under the savings clause. ECF No. 12. On February 4, 2016, respondent filed a supplemental response arguing that, based on Core's transfer to a detention facility in Butner, North Carolina, the Court also lacks jurisdiction because Core is no longer confined in the Eastern District of Virginia. ECF No. 13. Core filed a reply to the response and supplemental response on February 22, 2016. ECF No. 15.

**B.    Grounds Alleged**

Core alleges that the sentencing court incorrectly classified him as a career offender under U.S.S.G. § 4B1.1 based on prior convictions that were not punishable by more than one year of imprisonment, and that, as a result of the holding in *Simmons*, he is actually innocent. Pet'r's Mem. 7, ECF No. 1 at 16. Core further argues that his claim can proceed as a section 2241 petition pursuant to the savings clause of section 2255, and that equitable tolling should

---

[4] The Fourth Circuit decided *United States v. Foote* on April 27, 2015, holding that sentencing a defendant based on a career offender status that is later invalidated does not amount to a "fundamental defect that inherently results in a complete miscarriage of justice." *Foote*, 784 F.3d at 940. Accordingly, Foote could not challenge his designation as a career offender on collateral review. *Id.* at 943.

apply. Pet'r's Mem. 4, 8, ECF No. 1 at 13, 17. Core requests that his sentence be vacated, and that his case be remanded for resentencing. Pet. 9, ECF No. 1 at 8.

## II. ANALYSIS

The Court must first address whether it has jurisdiction over Core's petition. Respondent argues in the supplemental response that this Court lacks jurisdiction to consider the petition because Core is no longer confined in the Eastern District of Virginia and the Court lacks authority over the warden in Butner, North Carolina. Suppl. Resp., ECF No. 13. Core notified the Court, on November 19, 2015, that he had been transferred from Petersburg, Virginia to a correctional institution in Butner, North Carolina. ECF No. 7. It is well established, however, that jurisdiction is determined when the petition for writ of habeas corpus is filed, and is not defeated by a subsequent transfer of the petitioner. *See United States v. Edwards*, 27 F.3d 564, 1994 WL 285462 (4th Cir. 1994) (per curiam) (unpublished) (holding "[j]urisdiction is determined at the time an action is filed," and "subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction") (*citing Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990)); *see also Jackson v. Brennan*, 924 F.2d 725, 727 n.2 (7th Cir. 1991); *Santillanes v. U.S. Parole Com'n*, 754 F.2d 887, 888 (10th Cir. 1985); *Weeks v. Wyrick*, 638 F.2d 690, 692-93 (8th Cir. 1981); *McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978); *Solorzano-Cisneros v. Zych*, No. 7:12-CV-00537, 2013 WL 1821614, at *1 (W.D. Va. Apr. 30, 2013); *Chaney v. O'Brien*, 2007 WL 1189641, at * 1 (W.D. Va. 2007).

The Fourth Circuit addressed this issue in *United States v. Edwards*, 27 F.3d at 564. While Edwards was confined in South Carolina, he filed a section 2255 petition in the District of South Carolina attacking a decision by the parole commission. *Id.* Edwards was subsequently transferred to Butner, North Carolina. *Id.* The district court denied Edwards' motion to convert

5

his section 2255 petition to a section 2241 petition, finding that it had no personal jurisdiction over the respondent warden in North Carolina. *Id.* Because Edwards' transfer did not defeat personal jurisdiction, which attached at the time of filing, the Fourth Circuit held that the district court erred in deciding that it had no personal jurisdiction over the respondent warden in North Carolina. *Id.* Similarly, since Core's petition was properly filed in the Eastern District of Virginia when he was confined in Petersburg, Virginia, his subsequent transfer to North Carolina does not defeat jurisdiction over Core's petition.

While Core's transfer to North Carolina does not defeat jurisdiction in this case, the Court does not have jurisdiction over Core's petition because it was not properly brought pursuant to section 2241. Because Core is challenging the validity of his sentence and not its execution, the proper vehicle for his challenge is a motion under 28 U.S.C. § 2255 filed in the district that imposed the sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) ("Those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255."). Although 28 U.S.C. § 2255 has a "savings clause" allowing a prisoner to file a claim for relief under section 2241 in limited circumstances, Core does not meet the requirements of this exception. A federal prisoner may seek relief under 28 U.S.C. § 2241 when 28 U.S.C. § 2255 proves "inadequate or ineffective to test the legality of . . . detention." 28 U.S.C. § 2255(e). The savings clause is only available "in a limited number of circumstances," and it is "beyond question that [section] 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000), or "because an individual is procedurally barred from filing a [section] 2255 motion," *Vial*, 115 F.3d at 1194. Fourth Circuit precedent establishes that a section 2255 motion is inadequate and

ineffective to test the legality of detention when: "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the petitioner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of section 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333-34.

The savings clause is not applicable to Core's petition for several reasons. First, Core cannot meet his burden of showing that a section 2255 motion is inadequate or ineffective to test the legality of his detention because he has a section 2255 petition pending in the Middle District of North Carolina raising the same issue raised in this section 2241 petition. *See Jones*, 226 F.3d at 332 (holding that if a petitioner "had an unobstructed procedural shot at filing a [section] 2255 motion to take advantage of such a change [in the law], a [section] 2241 motion is unavailable to him").

For the same reason, Core cannot meet his burden of showing that a substantive change in the law occurred after his direct appeal *and* first 2255 motion. The *Simmons* case, which forms the basis of Core's challenge, was decided prior to Core's filing of his first 2255 motion; therefore, Core fails to satisfy the second prong of *Jones*. 226 F.3d at 333; *see also Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (holding "a federal prisoner is entitled to pursue a [section] 2241 motion only when he had no opportunity to utilize a [section] 2255 motion to take advantage of a change in the applicable law").

In addition, the Fourth Circuit has refused to extend the reach of the savings clause to challenges to the validity of a sentence, as opposed to a conviction. *Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011) ("Because our cases have confined the [section] 2255 savings

7

clause to instances of actual innocence of the underlying offense of conviction, and because the only case from a sister circuit holding to the contrary has been vacated, we decline to extend the reach of [section] 2255's savings clause [to those petitioners challenging only their sentence]."); *United States v. Poole,* 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."). Specifically, the Fourth Circuit has refused to allow petitioners to utilize section 2241 to challenge their designation as a career offender or the application of a sentence enhancement. *See Darden,* 426 F. App'x at 174 (refusing to extend the savings clause to petitioner's challenge of a sentence enhancement because the savings clause can only apply "to instances of actual innocence of the underlying offense of conviction"); *Little v. Hamidullah,* 177 F. App'x 375, 375–76 (4th Cir. 2006) (affirming the district court's determination that a federal prisoner could not utilize section 2241 to pursue a "claim[ ] that he was 'actually innocent' of being a career offender"); *Patterson v. Wilson,* No. 3:12cv66, 2013 WL 101544, at *2 (E.D. Va. Jan. 8, 2013), aff'd, 523 F. App'x 243 (4th Cir. 2013) (holding "[t]he Fourth Circuit's refusal to allow petitioners to utilize [section] 2241 to challenge a career offender designation applies with equal force to a challenge to an enhanced sentence under 21 U.S.C. § 851"); *Boynes v. Berkebile,* No. 5:10cv939, 2012 WL 1569563, at *6 (S.D.W. Va. May 1, 2012) (holding "the Fourth Circuit has not broadened the parameters of the analysis of the savings clause in *Jones* to encompass a challenge to a sentence based on a sentenc[ing] guideline enhancement or a claim of 'actual innocence' of a sentenc[ing] guideline enhancement."). As a result, Core cannot invoke the savings clause to raise his challenge to the sentencing court's classifying him as a career offender.

For these reasons, Core cannot challenge his sentence with a petition brought pursuant to 28 U.S.C. § 2241, and this Court does not have jurisdiction to address Core's claims.

### III. <u>RECOMMENDATION</u>

Based upon the foregoing, the Court RECOMMENDS that Core's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be DENIED and DISMISSED WITH PREJUDICE for lack of jurisdiction.

### IV. <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court

based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/ RJK

**Robert J. Krask**
**United States Magistrate Judge**

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
March 25, 2016